MR. JUSTICE SHEEHY,
dissenting:
I dissent. The trial judge was clearly erroneous in permitting Price to testify as an expert on the cause of the ceramic tile popping up.
A witness who is not an expert may give his opinions or inferences if they are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of his testimony or the determination of a fact initial. Rule 701, Mont. R. Evid.
An expert witness must be qualified “by knowledge”, skill, experience, training, or education” and his specialized knowledge must be such as to assist the trier of fact to understand the evidence or to determine a fact in issue. Rule 702, Mont.R.Evid.
Price’s “qualifications” as an expert in problems of loose ceramic tile, as those qualifications appear from the portion of the transcript cited by the majority, are insubstantial on their face. “Methods of determining where tile is loose” is a far cry from determining why tile is loose; experience with “very minor” loose tiles does not qualify one to be an expert in why the whole of a tile floor popped up. The trial court clearly abused its discretion by considering Price an expert on the basis of mere conversations with other contractors on unspecified subjects of tile-laying. In truth, the District court did not abuse its discretion because it had no discretion to exercise. The qualification of the expert utterly failed.
Rule 702, Mont.R.Evid., permits the admission of expert testimony whenever it will aid the trier of fact, but the admission of such evi *380 dence must be weighed against the other party’s right to a fair trial. United States v. Brown (6th Cir. 1977), 557 F.2d 541.
Christensen did not get a fair trial in this case. Once the District Court permitted Price to testify as an expert, Price then offered and had admitted into evidence exhibits which were nothing more than hearsay. They were admitted because of Rule 703, Mont. R.Evid., which permits facts or data upon which an expert relies to be introduced. The worst example is Price’s exhibit 10, a letter to Price from the Tile Council of America. The letter stated that an examination of the tile samples taken from the restaurant revealed that Christensen used either a worn-out trowel or a trowel of incorrect size. It also stated that Christensen may have used an insufficient amount of mortar or in the alternative, failed to sufficiently press the tile into the mortar bed. The District Court relied on the latter portion of exhibit 10 in holding that Christensen had failed to “beat into” the mortar bed the tile he was installing.
The findings of fact of a district court is “clearly erroneous” under Rule 52(a), when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co. (1948), 333 U.S. 364, 394-395, 68 S.Ct. 525, 541-542, 92 L.Ed. 746, 765-766.
Thus, as a supposed expert, Price was able to get into evidence exhibits and documents whose authors were not available for Christensen to cross-examine. Price produced no other expert but himself. The whole procedure offends my notions of fair play.